CHARLES PINKSTAFF

*v.*

ALLISON DITCH DISTRICT NO. 2.

*Opinion filed December 22, 1904.*

1. DRAINAGE—*assessment roll is prima facie evidence of benefits.* The assessment roll in a drainage assessment case is *prima facie* evidence that the lands in the district will be benefited to the extent of the benefits assessed against them.

2. SAME—*what are proper elements of damage to a land owner.* Inconvenience of cultivation occasioned by the digging of the ditch through a tract of land, injury caused by throwing the dirt from the ditch upon the land, and the expense of constructing a necessary bridge across the ditch, are proper elements of damage for the consideration of the jury in correcting a drainage assessment.

APPEAL from the County Court of Lawrence county; the Hon. J. D. MADDING, Judge, presiding.

This is an appeal from a judgment of the county court of Lawrence county confirming the corrected assessment roll of benefits and damages returned by the jury in Allison Ditch District No. 2, a district organized under the Levee act and comprising lands located in said county, so far as it applies to the lands of appellants.

The district was organized for the purpose of widening, deepening and extending certain ditches situated within the boundaries of the district, which prior to the organization of Allison Ditch District No. 2 had been constructed by Allison Drainage District No. 1, which last named district, prior to the organization of district No. 2, had been dissolved by an order of the county court of said county under the provisions of section 47½ of the Drainage act of 1889. The new district contains 11,500 acres of land, and the estimated cost of the proposed drainage system is $25,000. The appellant owns 480 acres of land located within the district, and the benefits to his lands were assessed at $1194.75. The

assessment roll and a map of the district were introduced in evidence, and it was admitted the engineer's report showed a necessity for deepening and widening the old ditches within the district in order to furnish an outlet for the waters of the district. No further proof was introduced on behalf of the appellee. The proof of the appellant tended to show his lands were high and dry, or were amply drained by ditches constructed thereon at his own expense prior to the organization of the new district; that the outlet for the drainage of his land through said ditches was ample; that on 40 acres of his land a new ditch was to be constructed; that the dirt taken from the new ditch would be piled along the sides of the ditch, and that it would be necessary to bridge said new ditch to connect the portions of appellant's lands which were severed by its construction. The jury, upon the final hearing, made no change in the original assessment roll so far as it applied to appellant's land, and over his objection the corrected assessment roll was confirmed by the court.

W. F. FOSTER, for appellant.

S. B. ROWLAND, and C. J. BORDEN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

The record in this case is meagre and imperfectly abstracted. We understand therefrom, however, that the money raised by the assessment in question will be expended mainly in widening, deepening and extending two or more ditches located within the district, into which the land owners of the district may drain the waters from their lands, and which, when connected by laterals into one main ditch, will carry the accumulated waters of the district into the Wabash river, into which the main ditch empties. The lands of the appellant are located in the part of the district which is situ-

ated most remotely from the river, and the waters, therefore, from his lands will flow a longer distance before reaching the river than the waters which flow from the lands situated in the district located near the river, and it is apparent the old drains constructed by appellant upon his lands will be of little value, if any, for drainage purposes, unless the waters carried therein can find an outlet by means of which they will be carried away from his lands. The jury went upon the lands of the district, including those of appellant, and the assessment roll prepared by them is *prima facie* evidence that the lands of the district, including those of appellant, will receive the amount in benefits assessed by the jury against the several tracts located within the district, from the construction of the system of drainage proposed within the district. *Trigger* v. *Drainage District No. 1,* 193 Ill. 230.

The proofs by which the *prima facie* case made by the introduction of the assessment roll was sought to be overcome was confined almost wholly to the testimony of appellant. From a reading of the testimony of appellant and the witnesses called by him, as abstracted, we think the court did not err in confirming the action of the jury as to the lands of appellant located within the district, with the exception of the south-west quarter of the north-west quarter of section 28, township 4, range 10, west, which 40 acres is the tract of land upon which a new ditch is proposed to be constructed. The court, upon the hearing, instructed the jury "that in correcting their assessment roll of the south-west quarter of the north-west quarter of section 28, in township 4, north, range 10, west, belonging to Charles Pinkstaff, that the jury must consider and allow as proper elements of damage the inconvenience of cultivation by reason of difficulty of access to the different parts of his land by reason of being severed by the digging of the ditch thereon, and also the damages for injury caused by throwing dirt from the ditch on said land, and the damages caused by the construction of a bridge across

the ditch, if the jury should find a bridge to be necessary."
In *McCaleb* v. *Coon Run Drainage and Levee District,* 190
·Ill. 549, the elements of damage pointed out in this instruc-
tion were recognized as proper elements to be taken into
consideration by the jury in assessing damages to lands to
be assessed within a district organized under the Levee act.
The proof shows, without question, that a new ditch was to
be constructed across said 40-acre tract; that the tract would
be severed thereby; that the ditch was of such size that,
when completed, the dirt excavated therefrom would, when
piled along the side of the ditch, form substantial embank-
ments, and that it would be necessary to bridge the ditch in
order that appellant might have full access to his lands lo-
cated upon either side of said ditch. The statute required
the jury, in the assessment roll, to state in separate columns
the amount of benefits assessed, the amount of damages al-
lowed and the excess of either benefits or damages. The
jury stated in the assessment roll, in the proper column, that
the benefits to said 40-acre tract will be $170, and expressly
found that the tract will not be damaged in any amount.
This finding was contrary to the law and the evidence, and
the county court erred in confirming the assessment roll so
far as it applied to said 40-acre tract.

The judgment of the county court confirming the assess-
ment roll as to the south-west quarter of the north-west
quarter of section 28, township 4, north, range 10, west, will
be reversed. As to the other lands of appellant embraced in
the assessment roll the judgment of the county court will be
affirmed and the case will be remanded to the county court
for further proceedings in accordance with the views herein
expressed. The parties will pay their own costs in this court.

*Affirmed in part and remanded.*