## Arthur Hosmer

*v.*

## The Hunt Drainage District.

*Filed at Springfield November 1, 1890.*

1. DRAINAGE LAW—*assessment of benefits—without a jury—constitutionality.* Under section 35 of the Drainage act of 1885, the commissioners of a drainage district may make an assessment of benefits in lieu of a jury, whenever the county court so orders. The statute authorizing this violates no constitutional provision.

2. SAME—*benefits the limit of the assessment.* Property can only be assessed for public improvements to the extent of benefits received by the construction of the work, and the assessment can never exceed such benefits. If the court should compel an arbitrary sum to be assessed on lands of the district, regardless of the question of benefits, its action can not be sustained.

3. SAME—*an order of court—whether ignoring the question of benefits.* A petition for leave to raise a further sum of money by special assessment, for drainage purposes, contained an estimate of the amount required to complete the proposed work, which estimate was approved, and the commissioners were ordered to assess the benefits against each tract separately, so that each might contribute its share of the cost: *Held,* that this order did not require the levy of the required sum regardless of benefits. If found that the lands would not be benefited to the extent of the estimate of cost, then they could be assessed only for such sums as they were actually benefited.

4. SAME—*presumption in support of assessment.* Where there is added to a current assessment a sum for which prior assessments had been made, in the absence of a bill of exceptions showing the proof heard by the court on an application for confirmation, it will be presumed the evidence was sufficient to sustain the assessment.

Writ of Error to the County Court of Hancock county; the Hon. Lawrence Y. Sherman, Judge, presiding.

Mr. George Edmunds, Mr. W. C. Hooker, and Mr. W. H. Manier, for the plaintiff in error:

The order of November 5, 1888, ordering an additional assessment, and the assessment thereunder and confirmation thereof, were without authority of law, and void.

The court had no authority to order said assessment made by the commissioners. The proceeding is in the nature of a condemnation of lands for public use, and the assessment could only be made by a jury. Const. secs. 2, 13, art. 2; Hurd's Stat. chap. 42, secs. 17, 18.

The drainage laws, known as the "levee acts," approved and in force May 29, 1879, and amendments thereof, do not authorize the county court to cause an assessment to be made for drainage.purposes for any arbitrary amount or sum certain. The only authority conferred upon the court is to cause an assessment for benefits to be made,—not so many dollars, or such sums as may be required for the proposed work, but a sum not exceeding the benefits to each tract so to be assessed.

The orders of 1884, 1886 and 1888, each direct the assessment of arbitrary sums, and it is only left to the jury or commissioners to distribute the assessment to the lands. Hence such orders and assessments were without authority of law, and void. Hurd's Stat. chap. 42, secs. 17, 18; *Huston* v. *Clark,* 112 Ill. 344; *People* v. *Meyers,* 124 id. 95; *Railroad Co.* v. *Commissioners,* 129 id. 417.

Mr. David Mack, and Mr. William N. Grover, for the defendant in error:

Commissioners may be authorized to make assessments without a jury. *Owners of Land* v. *People,* 113 Ill. 297; *Lake* v. *City of Decatur,* 91 id. 596; *Crawford* v. *People,* 82 id. 557.

Mr. JUSTICE. CRAIG delivered the opinion of the Court:

On the 6th day of October, 1888, the commissioners of Hunt Drainage District filed a petition, in which they set up facts showing that it was necessary to raise, by assessment, the further sum of $20,000 in order to complete a levee which was then being constructed, and they prayed for an order authorizing them to make an assessment of benefits on the lands of the district, to raise the. amount.     The court heard the application, and entered an order granting the prayer of the petition, and ordered the commissioners to make a third assessment of benefits upon the lands, of $20,000, in lieu of a jury.     The commissioners proceeded to make the assessment, which was confirmed by the court January 7, 1889.     Plaintiff in error, Hosmer, sued out a writ of error to reverse the order authorizing the assessment and the judgment of confirmation.

It is first contended, that the court had no authority to order the assessment to be made by the commissioners,—that the assessment could only be made by a jury.     Section 37 of the act of 1885, (Laws of 1885, p. 125,) provides that the commissioners of the district may make any assessment of benefits in lieu of a jury, when the court so orders.     Here, the order was made, and by the express terms of the statute the commissioners were empowered to make the assessment.     Unless the statute violates some provision of the constitution,—and we are aware of no clause of the constitution with which it conflicts,—it must be sustained.     In *Lake* v. *City of Decatur,* 91 Ill. 596, and *Crawford* v. *The People,* 82 id. 558, assessments made by commissioners and trustees were sustained.

Complaint is also made that the order directs the commissioners to assess $20,000 against the lands, in utter disregard of whether the lands were benefited to that extent or not. Property can only be assessed for public improvements to the extent of benefits received by the construction of the work, and the assessment can never exceed the benefits, and if the court compelled an arbitrary sum to be assessed on the lands

of the district, regardless of benefits, the assessment could not be sustained. We do not, however, regard the order liable to the objection urged against it. The petition of the commissioners, under which the assessment was ordered, contained an estimate of the amount required to complete the work. That estimate was approved by the court, and the commissioners were then ordered to assess the benefits against each tract of land separately, so that each tract might contribute its share of the estimated cost, as provided by sections 17 and 18 of the act. That the amount required by the commissioners was approved by the court is true; but if, upon examination, they had ascertained that the lands would not be benefited in that amount, then the lands could only be assessed for such sum as they were actually benefited. The statute in express terms required the assessment to be predicated on estimates furnished by the commissioners and approved by the court. So far as is shown by the record, the requirements of the statute were observed by the court and the commissioners.

It is also contended that the assessment of benefits on the north-east and north-west quarters of section 29, township 3, range 9, in the district, is erroneous. In a report of the commissioners filed on the 10th day of December, 1888, with the assessment roll, will be found the following statement: "That the jury, in making the assessment of damages and benefits to land in said district, confirmed by order of court April 6, 1887, omitted therefrom, by clerical error, the north-east and north-west quarters of section 29, 3, 9, in said district, and that in making this assessment they considered said omission, and for the purpose of making said two tracts bear their respective portions of the expense and burden of said work in strengthening, enlarging and extending said levee and in completing said work, assessed the benefits to accrue to the said north-east quarter of section 29, $520, and to said north-west quarter, $640." The claim of illegality of the assessment is predicated on the foregoing statement in the report of the commissioners.

Section 18 of the act of 1885 authorizes the jury, in making an additional assessment, under certain circumstances mentioned in the section, to consider any prior assessment against any lands which is void or unpaid by reason of some omission, clerical error, mistake, or for want of proper notice to the owner, or on account of other irregularity of proceedings not affecting the merits of such prior assessment, and may include the same, or any part thereof, with such assessment. Whether the action of the commissioners in making the assessment complained of, on the two quarters of land, was authorized by the section of the statute referred to, we are not called upon to determine. The record contains no bill of exceptions, and what evidence the court heard on the application to confirm the assessment does not appear. It may be that ample evidence was heard by the court to sustain the assessment, and in the absence of a bill of exceptions showing what evidence was heard by the court, we will presume that the evidence heard was sufficient to sustain the assessment, notwithstanding the report relied upon.

We perceive no ground for disturbing the order of the court or judgment of confirmation. The judgment will therefore be affirmed.                                    *Judgment affirmed.*