ELLEN TRIGGER

*v.*

DRAINAGE DISTRICT No. 1, etc.

*Opinion filed December 18, 1901.*

1. APPEALS AND ERRORS—*error cannot be assigned on ruling to which no exception is preserved.* Error cannot be assigned upon a ruling of the court during the progress of a trial unless exception is taken at the time and properly preserved in the bill of exceptions.

2. DRAINAGE—*provisions of Levee act authorizing assessment of benefits by commissioners not unconstitutional.* The provisions of sections 16 and 37 of the Levee act which authorize the assessment of benefits by the drainage commissioners when the court so orders, are not in violation of the constitutional guaranty of the right of trial by jury. (*Briggs* v. *Union Drainage District,* 140 Ill. 53, followed.)

3. SAME—*court may direct that assessment be made by a jury or by the commissioners.* Under section 16 of the Levee act the court may, in the first instance, order the assessment of benefits to be made by a jury or by the commissioners, but whichever body is ordered to make the assessment must hear and determine the objections to the assessment.

4. SAME—*commissioners are required to take but one oath.* Section 6 of the Levee act requires drainage commissioners to take an oath before entering upon their duties, and where this oath has been administered it is not necessary that they be sworn again before hearing objections to the assessment.

5. SAME—*when owner cannot insist that land is not benefited at all by drainage annexation.* A land owner having due notice of the hearing of a petition to annex her land to a drainage district, which petition alleges that her land will be benefited a certain amount, who suffers default on the hearing of the petition, cannot afterwards insist, upon the hearing of objections to the assessment, that no assessment whatever shall be made against her land.

6. SAME—*when prima facie case made by assessment roll is not over-come.* The introduction, on the hearing of objections to a drainage assessment, of any contradictory evidence does not necessarily over-come the *prima facie* case made by the assessment roll nor require evidence to be given to rebut the objector's evidence.

APPEAL from the County Court of Ford county; the Hon. ALEXANDER McELROY, Judge, presiding.

SCHNEIDER & SCHNEIDER, for appellant.

CLOUD, MOFFETT & THOMPSON, for appellee.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This proceeding was begun in the county court of Ford county by the commissioners of drainage district No. 1 of the townships of Lyman and Wall, to annex to said district the land of Ellen Trigger, the appellant, and others, and assess them for the purpose of making a drainage improvement. The petition or complaint, as provided by the statute, was filed April 30, 1901, making appellant a defendant. Due notice was served upon her, and on June 7 following,—the day set for hearing the petition,—she made no defense but was defaulted, and her lands were duly annexed. The commissioners after-wards presented to the court an assessment roll, which was confirmed as to all lands annexed except those of appellant, which were assessed at $120, to which assess-ment she filed objections. These objections were set down for hearing July 12 following, at which time they were overruled and the assessment confirmed. To reverse that judgment this appeal is prosecuted.

At the time the case was set for hearing, July 12, the appellant appeared by her counsel and moved the court for leave to file additional objections, which motion the court overruled. The record does not show that any ex-ception whatever was taken to the order of the court overruling the motion, nor does the motion or ruling of

the court appear in the bill of exceptions. Appellant also moved that the case be submitted to a jury, and that motion was also overruled, but the record shows no exception to the denial of the motion, nor does it show any exception taken to the failure of the court to entertain it, nor do any of these matters appear in the bill of exceptions. So far as the record shows the motion was not insisted upon. After the evidence was heard by the commissioners, in the presence of the court, a motion to dismiss the case was made by appellant's counsel upon the ground that the commissioners were not sworn to try the case. That motion was also overruled but no exception whatever taken to the ruling of the court in that regard. Other questions are attempted to be raised upon this appeal, but in every instance in which error is assigned upon the ruling of the county judge and urged here as a ground of reversal, the record wholly fails to show any exception to such rulings by counsel for the appellant. It is urged by counsel for appellee that in this state of the record nothing is brought before this court for review; and counsel for appellant concede this position as a matter of law, but insist that their abstract shows that proper exceptions were taken. This may be admitted, but the pages of the record to which the abstract refers clearly show that the abstract in that particular does not correspond with the record, the latter showing no exceptions at all. The rule is, without exception, that error cannot be assigned upon the ruling of the court, during the progress of a trial, not excepted to at the time and properly preserved in a bill of exceptions.

Complaint seems to be made by counsel for appellant that the county judge failed to note their exceptions upon the trial; but, manifestly, we cannot, upon this mere assertion of what the record should show, read into it that which does not appear. The judgment of the court might therefore be affirmed simply upon the ground that no proper exceptions were taken.

It is very earnestly insisted that the appellant has been by the proceeding below deprived of the constitutional right of a trial by jury. We have held that the Drainage law, under which this proceeding was had, especially authorizes the assessment of benefits to be made by the drainage commissioners when the county court so orders or directs, and that that statute is not in conflict with the constitution guaranteeing the right to jury trials. (See *Briggs* v. *Union Drainage District*, 140 Ill. 53.) In that case we said (p. 56): "Here the court ordered the assessment to be made by the commissioners of the district, and so far as appears the assessment was made in strict conformity to the statute, and unless the statute is in conflict with some provision of the constitution it must be sustained. No provision of the constitution has been pointed out in the argument which prohibits the legislature from enacting a law authorizing an assessment of this character to be made by commissioners, and we are aware of no such provision. The right of trial by jury guaranteed by the constitution has no bearing on a question of this character." We deem it unnecessary, in view of this decision, to enter upon a discussion of the constitutional right to a trial by jury. It may, however, be remarked that that right was never held to extend to cases in which the right to a trial by jury was not guaranteed prior to the adpotion of the constitution.

It is clear from the several sections of the act under which this proceeding was had that the county court may, in the first instance, order the assessment of benefits to be made either by a jury or by the commissioners, and that whichever body is ordered to make the assessment must hear and determine objections filed to such assessment. (*McCaleb* v. *Coon Run Drainage District*, 190 Ill. 549.) The county court had no power to grant the motion of counsel for the objector to empanel a special jury to hear the issues formed on the objections. If evils

or hardships result from the statute, the remedy is in the.legislature, and not with the courts.

The objection that the commissioners were not sworn before hearing the evidence on the objections was not well taken. The oath they were required to take is prescribed by the section which authorizes them to make the assessment. They were sworn when they made the assessment, and no other oath was necessary.

As to the question of fact whether the lands of appellant were benefited to the extent they were assessed, we think the commissioners were justified, upon the evidence in the record, in confirming the assessment previously made. In the first place, the contention of her counsel now, that the clear preponderance of the evidence shows that no benefits whatever accrued to the lands, was not an issue upon the hearing, if; indeed, it could have been. If she desired to question the right of the commissioners to take her lands into the district, because they would not be benefited at all by the work to be done, she should have appeared at the time of the hearing upon the complaint filed when the annexation was sought to be made. In that complaint it was alleged that her lands would be benefited by the work done and to be done in the drainage district $180, and she in no way attempted to deny or disprove that allegation. By her default she voluntarily allowed her lands to be annexed to the district upon the allegation that they would be benefited, and she ought not now, after they have become a part of the district, be allowed to insist that no assessment whatever should be made upon them. (*Lovell* v. *Drainage District*, 159 Ill. 188.) In the objections filed she does not claim that no benefits accrued to the land, but simply says "said assessment is too high and should be cut down," and "the assessment is higher in proportion to other surrounding land similarly situated." If by this last objection is meant that the lands were assessed more than their proportionate part of the work as compared with

surrounding land similarly situated, no evidence what-
ever was offered in support of it.   As to both objections
the assessment roll' is made *prima facie* evidence of the
fairness of the assessment.   As to the first objection, it
it true that nine witnesses introduced by the objector
stated that in their opinion the lands would not be bene-
fited at all by being annexed to the district; but upon a
careful consideration of their testimony it appears that
their opinions were formed without a careful examina-
tion of the premises for the purpose of determining that
fact, but rather from a casual observation as to the con-
dition of the crops upon the land, made by some of the
witnesses a year or two previous to the assessment.   It
must be admitted, we think, that the commissioners, if
they did their duty in making an examination of the vari-
ous tracts of land annexed, for the purpose of determin-
ing whether they would be benefited and to what extent,
were very much better able to determine the extent of
benefits and damages than persons who made no such
examination.

Counsel admit that the assessment roll made a *prima
facie* case for the district, but they seem to insist that
"when any evidence is introduced on behalf of the object-
ors then such *prima facie* case loses its force in law, and
evidence of some nature must be introduced to rebut ob-
jector's evidence." This, they say, "has always been the
law, and we need cite no cases to sustain our contention."
We held directly the contrary in *Lovell* v. *Dainage Dis-
trict, supra,* citing *Briggs* v. *Union Drainage District, supra,*
Starkie on Evidence, 544, and *Kelly* v. *Jackson,* 6 Pet. 622.

Other questions attempted to be raised are, as we
have said, not only not presented for our decision, but
are unimportant.

We find no reversible error in the record.   The judg-
ment of the county court will be affirmed.

*Judgment affirmed.*