THE LACEY LEVEE AND DRAINAGE DISTRICT

*v.*

A. L. LANGELLIER *et al.*

*Opinion filed April 17, 1905.*

1. DRAINAGE—*what a proper ground of objection to assessment.* In a proceeding to levy an assessment in a drainage district already organized under the Levee act, it is competent for the land owners to object on the ground that the parties making the assessment were not, under the law, competent to make the same.

2. SAME—*what are not final orders in drainage assessment.* In a proceeding to levy assessment for repairs, improvement and maintenance of ditches in a district already organized under the Levee act, orders granting the prayer of the petition and authorizing commissioners to spread the assessment are not final orders, and may be set aside by the court at the term to which the hearing of the objections to the report of the commissioners is continued.

3. APPEALS AND ERRORS—*when order in drainage assessment can not be appealed from.* An order vacating former orders on the · hearing of the argument of objections to the report of the commissioners in a proceeding to levy an assessment for repairs in a district organized under the Levee act, but which fails to make any disposition of the case or dismiss the petition, is not a final order, from which an appeal will lie.

APPEAL from the County Court of Fulton county; the Hon. W. SCOTT EDWARDS, Judge, presiding.

NORTRUP & WILLIAMS, and LUCIEN GRAY, for appellant.

MASTERS & MASTERS, for appellees.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

•Appellant is a drainage district in Fulton county, organized under the act of 1879 for the construction of drainage ditches and levees for agricultural, sanitary and mining purposes, generally called the Levee act. It was organized in 1896 and comprises 4885 acres of land, which it has under-

taken to protect from overflows of the Illinois river by the construction and maintenance of levees, drains and ditches and a pumping station, all of which have been constructed and maintained for some years. At its organization, in 1896, $55,000 were levied, $46,000 in bonds issued and $3844.01 allowed and paid as damages for right of way. In January, 1901, a second assessment of $18,333.34 was made and $16,-000 in bonds were issued. In August, 1903, a third assessment was levied amounting to $27,241.71 and $10,000 in bonds were issued. On November 1, 1904, the commissioners filed a petition in the county court of Fulton county for a fourth assessment of $55,000, to improve, repair and maintain the levees and ditches and change the location of the pumping works. With the petition the commissioners filed a financial statement showing $1150.35 on hand and the manner in which the previous funds levied and collected had been expended. The petition stated that by the improvement of the Illinois drainage canal and of streams tributary to the Illinois river the water level, in time of freshets and floods, had been raised, so that the levees that had been constructed at an average height of 19.25 feet above the low-water mark were insufficient to protect the lands and withstand the water pressure; that a considerable portion of them had been washed away and damaged; that the pumping station should be moved to a locality nearer the southerly end of the district, to readily relieve the lands of the water accumulating in the district; that according to the estimates of the engineer it is necessary to raise the levee to an average height of from twenty-five to twenty-seven feet. The petition as originally filed contained the allegation "that certain ditches must be constructed in addition to those heretofore built, in order that all of the land within the said district may have proper outlets to the said main ditch and be successfully drained," and prayed that the "commissioners, in lieu of a jury, be ordered by this court to make an assessment for benefits on the lands and property benefited in said district."

Due notice of the application was given, and the appellee Langellier appeared and filed nine objections to the granting of the petition, and among other things showed to the court that he was the owner of 1546 acres of land in the district, and by his second and seventh objections objected to the commissioners making the assessment instead of a jury. In none of his objections did he state there would be damages to any other lands. Upon the hearing the court overruled the objections and granted the prayer of the petition.

The commissioners took the required oath, spread the assessment for benefits and gave notice to the land owners to appear and file objections on December 8, 1904, at the court house, in the room of the county court of said county. Appellee Langellier appeared and filed eleven objections to the report of the commissioners, but in none of them was it objected that the assessment had been made by the commissioners instead of a jury, but the second objection was, "that said assessments for benefits are not based upon and do not include any damages, when, in fact, in the prosecution of said proposed work the damages will exceed the amount of benefits upon the lands of objector." The appellant made a motion to strike the objections from the files, and the hearing of that motion was continued until the 15th of December.

On the 14th of December appellee Langellier filed sixteen additional or supplemental objections, in which he challenged the validity of section 37 of the act and the right of the commissioners to make the assessment or hear objections, and among them asserted that such practically amounted to a denial of the right of trial by jury on the question of damages and benefits, and objected not only for his own land but for all lands in the district. He did not, however, point out or charge damages to any particular land or claim damages in any stated amount or for or on account of any particular levee, ditch, work or thing. On December 15 appellee Martin filed similar objections to those of his co-appellee, and insisted that they should apply to all the land in the district.

When these objections were filed, appellant amended its petition by striking out the allegation above quoted in reference to the necessity of constructing additional ditches and inserted the following: "That said large ditch from such plant on the south levee to the south end of lateral ditch No. 3, which runs north to the said main ditch, runs over and upon the lands of one John W. Rhodes, and on the lands of no person other than said John W. Rhodes, and a release of the right of way for said ditch and the damages to said lands of said Rhodes, and for the erection of the pumping plant on the lands of said Rhodes, is filed herewith, and that the said pumping plant will be located on the lands of said John W. Rhodes and upon the lands of no other person," and filed with the amended petition the release of Rhodes, the owner of the land mentioned in the amendment. Appellees excepted to the court permitting the amendment. The court heard argument upon the objections, and without permitting evidence to be introduced entered its order vacating all orders made since the filing of the petition. Appellant excepted and prosecutes this appeal.

Two propositions are urged by appellant: First, that the court having, at the November term, granted the prayer of the petition and delegated to the commissioners the authority to spread the assessment, was without jurisdiction to set that order aside at the December term; and second, that if it had jurisdiction, the court erred in setting the orders aside.

The correctness of the first proposition depends upon whether the orders made prior to the last order complained of were final judgments or orders, and the only one here involved of any consequence is that delegating the authority to the commissioners to assess the benefits. We think the orders were not final orders or judgments, but were ancillary or interlocutory to the proposed judgment of confirmation of the assessment. The statute contains no provision for appeal or writ of error from any order until the order of confirmation of the assessment is entered, and from the latter order ap-

peals and writs of error may be had. No previous proceeding seems to be declared final by the statute other than that of the incorporation of the district, and we are of the opinion that it was competent for the land owners to object to the assessment on the ground that the parties making it were not, under the law, for any reason they might assign, competent to make the same.

The order appealed from is not a final order, or such an order as authorized or would support an appeal. It did not make any final disposition of the case or dismiss the petition. Appellant could have proceeded to have another assessment spread in such manner as the court might direct without regard to the order appealed from, as the case still stands upon the petition as though no order had been made. Unless the petition was dismissed no appeal would lie.

The appeal, therefore, must be and is dismissed.

*Appeal dismissed.*