THE NUTWOOD DRAINAGE AND LEVEE DISTRICT, Defendant in Error, *vs.* JACOB REDDISH *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1908.*

1. DRAINAGE—*land owners in district not competent to spread assessment.* Owners of lands in a drainage district organized under the Levee act are incompetent, by reason of interest, to spread the assessment, and if an objection questioning their competency to make the assessment is made at the proper time the court should refuse to confirm the assessment. (*Drainage Comrs.* v. *Smith,* 233 Ill. 417, followed.)

2. SAME—*land owners cannot determine objections to their assessment.* Where the objections to a drainage assessment, made under the Levee act by commissioners whose lands in the district were included in the assessment, do not question the competency of the commissioners to make the assessment but only to hear and determine the questions of fact arising upon the objections, the court should not permit such commissioners to hear the objections, but should provide for a hearing by some other body. (*Trigger* v. *Drainage District,* 193 Ill. 230, distinguished.)

FARMER, J., dissenting. .

WRIT OF ERROR to the County Court of Jersey county; the Hon. THOMAS F. FERNS, Judge, presiding.

This suit is brought here by a writ of error sued out of this court to review an order of the county court of Jersey county confirming an assessment of benefits made by the commissioners of the Nutwood Drainage and Levee District. This district was organized under what is known as the "Levee act" in 1906, and comprises about 10,000 acres of land situated in Jersey and Greene counties, along the Illinois river. Upon the organization of the district, Aaron O. Auten, Stephen M. Reddish and George W. Edwards, all owning lands within the district, were by the court appointed commissioners and directed to make an assessment of the benefits to the lands in said district. Said commissioners made an assessment of the benefits and also an assessment of annual benefits which would accrue to all the

lands in said district by reason of the contemplated improvement, and filed the same in said court on the 15th day of May, 1907. On May 16 the commissioners gave notice, as required by the Levee act, of the filing of the said assessment roll, and fixed the 27th day of May, at nine o'clock, as the time when they would appear before the said county court, at the court house in Jerseyville, for the purpose of hearing objections to the said assessment roll. The commissioners by said assessment roll certified that it contained a true and correct assessment of the benefits and annual benefits on each tract and parcel of land in said district, which assessment of benefits, exclusive of annual benefits, amounts to the sum of $279,000 and the assessment of annual benefits amounts to $3000.

On May 27, 1907, plaintiffs in error, Jacob Reddish and Zadoc Reddish, appeared and filed objections to the assessment of benefits to certain lands (particularly describing them) which they owned, aggregating about 1025 acres, against which an assessment for benefits of $27,095.54 had been extended. The first objection is not now material. The other objections were as follows: "Second, that the said commissioners, in and by their said report of assessments and benefits to the lands of these objectors aforesaid, and to each and every tract thereof, have not properly or justly classified and assessed the benefits to said lands nor to any part or parcel thereof, as required by the statute in such case made and provided; third, that in and by said report of assessments and benefits for the annual maintenance and repairs, and the classification thereof, the said lands of these objectors, and each and every tract thereof, the said classifications and assessments are excessive and unjust; fourth, that the classifications and assessments of benefits to said tracts of land of these objectors is higher than the classifications and assessments of benefits upon other lands of like quality, situation and value in said drainage and levee district; fifth, that the said classifications and as-

sessments of benefits of the said tracts of land of these objectors and the other tracts of land in said drainage and levee district are not according to the benefits to be received by the contemplated drainage, and are oppressive, unjust and unequal." Said objections closed with a prayer that the classification and assessment of each and every tract of objectors' lands be reduced so as to be just and equal as compared with other lands in said district and according to the benefits to be received, taking into consideration the situation and value of all the lands in said district.

The commissioners were land owners in the district and their lands were subject to assessment. The plaintiffs in error therefore objected to trying the questions arising upon the foregoing objections before them and asked that a jury be empaneled. The court refused this request and compelled objectors to try their cause by the commissioners. Evidence was heard, and the commissioners reached the conclusion that the objections were without merit and that the assessment roll which they themselves had theretofore made was correct. This finding received the approval of the court and the assessment was confirmed. It is here contended, among other things, that the court erred in requiring plaintiffs in error to try their objections by the commissioners.

Hamilton & Hamilton, and H. W. Pogue, for plaintiffs in error.

Charles S. White, for defendant in error.

Mr. Justice Scott delivered the opinion of the court:

The commissioners being land owners in the district whose lands were subject to assessment were not competent to spread the assessment in the first instance. (*Commissioners of Drainage District* v. *Smith*, 233 Ill. 417.) Being so incompetent it necessarily follows that they were incompetent to sit as a commission to determine the questions

of fact arising upon the objections. Their interest which made them incompetent to spread the assessment had not been lessened. Objectors will not be compelled by us to submit their property rights to a tribunal so manifestly prejudiced and unfair. Such a course would do violence to the spirit and genius of our institutions.

Upon proper objection the court should have entered an order refusing confirmation of the assessment for the reason that it was made by commissioners who were incompetent. As no such objection was made, however, the court, upon the objection which was made, should not have submitted the questions of fact to the men who were then the commissioners of the district.

Great reliance is placed by defendant in error upon language found in *Trigger* v. *Drainage District,* 193 Ill. 230, as follows, to-wit: "It is clear from the several sections of the act under which this proceeding was had, that the county court may, in the first instance, order the assessment of benefits to be made either by a jury or by the commissioners, and that whichever body is ordered to make the assessment must hear and determine objections filed to such assessment. (*McCaleb* v. *Coon Run Drainage District,* 190 Ill. 549.) The county court had no power to grant the motion of counsel for the objector to empanel a special jury to hear the issues formed on the objections."

The futility of relying merely upon the words used in an opinion without regard to the facts which the court then had under consideration is here well illustrated. In the *Trigger case* no question as to the disqualification of the commissioners by reason of their interest, arising from the fact that they were owners of lands within the district and subject to assessment, was presented. It was there contended that the provision of the statute authorizing the commissioners to act in spreading the assessment and hearing objections thereto deprived the objectors of their constitutional right to a trial by jury. That contention had no

merit. It was in reference to that question that the quoted language was used. If these commissioners in the case at bar had not owned land in the district they would have been competent to spread the assessment, and if objections thereto had been filed and objectors had sought a trial by jury the language above quoted would then have been applicable.

Some complaint is made here by objectors because the case was tried in the county court before a judge who prior to his election as county judge had been attorney for the commissioners and had advised and assisted in securing the organization of the district. There is nothing before us for consideration in this regard, as the question was not raised in the county court.

On May 20, 1907, the Governor approved an act of the General Assembly, passed with an emergency clause, amending the provisions of the Levee act relative to the assessment of benefits by the commissioners and relative to the assessment of benefits by a jury. (Laws of 1907, p. 274.) The judgment of the county court will be reversed and the cause remanded. When the case is redocketed in the county court, if the condition of the record is such that the court might lawfully, under the provisions of the Levee act as so amended, empanel such a jury as is contemplated by that act, to assess the benefits, had they not already been assessed, then the court is directed to empanel such a jury, to hear objections 2, 3, 4 and 5. If the record is not in such condition, these objections cannot be tried until other commissioners for the district, competent to hear them, shall have been appointed, when they may be heard by such newly appointed commissioners.

*Reversed and remanded, with directions.*

Mr. JUSTICE FARMER, dissenting:

The question of the competency of commissioners who are land owners in the district to spread the assessment, as stated in the opinion of the court, was not raised in this

case. The objections to the assessment were, that the commissioners had not properly classified the lands of the district and assessed the benefits thereto; that the assessment of benefits to objectors' lands is oppressive and unjust, and higher than the assessment of benefits to other lands of like quality, situation and value. There was no objection to the competency of the commissioners to make the assessment. On the contrary, it was stipulated at the hearing of the objections that the commissioners had been "duly" appointed to make the assessment, and this is equivalent to saying they had been properly or rightfully appointed. It was, in effect, a concession that the commissioners were qualified and authorized by law to make the assessment, but the objection was that they had not classified and assessed objectors' lands according to the benefits received and in proportion to other lands in the district.

Conceding that the commissioners were competent to make the assessment, I think it necessarily followed that objections must be heard and determined by them. The opinion of the court holds that if the commissioners had not been land owners they would have been competent to spread the assessment, and that in such case the holding in the *Trigger case,* that the court had no authority to grant the request of the objectors to have their objection heard by a jury, would be applicable. In view of the fact that the competency of the commissioners to make the assessment was not questioned but was in effect agreed to, I think the language of the court in the *Trigger case* applicable to this case. In *Commissioners of Union Drainage District* v. *Smith,* 233 Ill. 417, we held that where the assessment of benefits is made by commissioners who are land owners in the district, if the question is not raised before judgment of confirmation it is to be considered as waived and the assessment will be valid.

Under the law as it existed prior to 1907, the authority to make the assessment by jury was found in section 16

and the authority to direct it to be made by the commissioners was found in the second proviso to section 37, while under the amendatory act of 1907 the authority of the commissioners to make the assessment is found in section 17 and the only authority to cause the assessment to be made by a jury is contained in the second proviso to section 37. If that proviso was intended to authorize the original assessment to be made by a jury it is placed in a very awkward position, for the only assessments referred to in the section preceding the proviso are additional and not original assessments. But if it be assumed that said proviso of section 37 authorized the original assessment to be made by a jury, the jury is given the same powers as are conferred upon the commissioners where the assessment is made by them, and none other. Whether the assessment is made by the commissioners or by a jury, when objections are made to it the act requires the body that made the assessment to hear and determine said objections. However objectionable this may appear to be,—and I do not defend the wisdom or policy of the law,—I am unable to find any authority in the act to cause the assessment to be reviewed by any other body or tribunal than the one making it. It was with reference to this provision of the law that the court said in the *Trigger case:* "If evils or hardships result from the statute, the remedy is in the legislature, and not with the courts."

As I read and understand the act under which the drainage district was organized, it contains authority to cause an assessment to be made by a jury but no authority to empanel a jury to hear and determine objections to an assessment made by drainage commissioners.

In my opinion the judgment of the county court should not have been reversed on the grounds stated in the opinion of the court.