## LA PORTE et al. v. BITKER et al.

### No. 8575.

Circuit Court of Appeals, Seventh Circuit.

Nov. 8, 1944.

Morris Karon and Philip Weinberg, both of Milwaukee, Wis., for appellants.

Thomas I. Emerson and Fleming James, Jr., both of Washington, D. C., Alex Elson and Abraham H. Maller, both of Chicago, Ill., Lee K. Beznor, of Milwaukee, Wis., Harry E. Witherell, Regional Litigation Atty., of Chicago, Ill., and David London, Chief, Appellate Branch, O. P. A., of Washington, D. C., for appellees.

Before EVANS, KERNER, and MINTON, Circuit Judges.

KERNER, Circuit Judge.

Plaintiffs brought suit to enjoin defendants, officials of the Office of Price Administration, from enforcing a suspension order which forbade plaintiffs from selling rationed gasoline. From an order denying an injunction pendente lite, plaintiffs have appealed.

The plaintiffs La Porte are engaged in the gasoline business. They own and operate a bulk gasoline storage plant and three gasoline stations in Milwaukee, Wisconsin; Szukalski, the other plaintiff, owns and operates a retail gasoline station. On August 6, 1943, a Notice of Hearing was served on each of the plaintiffs, charging the violation of Ration Order No. 5C in the conduct and operation of their businesses, to determine whether or not a suspension order should be issued against them.

The hearing was conducted by one Allen who had been designated by the Chief Hearing Commissioner as the presiding officer. At the hearing plaintiffs submitted evidence and were given every opportunity

to be heard. After this hearing, which lasted four days, presiding officer Allen filed a written report with the Chief Hearing Commissioner, recommending the issuance of a suspension order against plaintiffs. To this report plaintiffs filed objections. The Chief Hearing Commissioner reviewed the report and filed an opinion modifying Allen's report and issued an order suspending plaintiffs from receiving for resale or selling gasoline for a period of one year. The order is an allocation order entered under the provisions of the Second War Powers Act, 56 Stat. 178, 50 U.S.C.A. Appendix § 633, and is intended to promote the national security. Plaintiffs, pursuant to Procedural Regulation 4, appealed to the Hearing Administrator of the Office of Price Administration, who, after considering the evidence and the objections, affirmed the order.

The Second War Powers Act, Sec. 2(a) (2), 56 Stat. 178, 50 U.S.C.A.Appendix § 633 subsection 2(a) (2) provides, "Whenever the President is satisfied that the fulfillment of requirements for the defense of the United States will result in a shortage in the supply of any material * * * for defense or for private account or for export, the President may allocate such material * * * in such manner, upon such conditions and to such extent as he shall deem necessary or appropriate in the public interest and to promote the national defense." By Sec. 2(a) (8) of the Act the President is granted authority to exercise that power "through such department, agency, or officer of the Government as he may direct and in conformity with any rules or regulations which he may prescribe." By Executive Orders, 7 Fed. Reg. 2719 and 8418, that authority was delegated to the Office of Price Administration.

The Office of Price Administration conferred on its Hearing Commissioners the function of issuing suspension orders, 8 Fed.Reg. 1771. Procedural Regulation No. 4 prescribed the procedure to be used in the issuance of rationing suspension orders, 8 Fed.Reg. 1744. It prescribes that hearings may be conducted by a presiding officer; that the respondent may be represented by counsel of his own choosing; that opportunity be given for cross-examination of witnesses; that all hearings be public; that a stenographic report of all hearings be taken; and that the presiding officer report findings of fact and conclusions of law and recommendations to the Hearing Commissioner, who shall determine whether a suspension order shall be issued. Provision was also made for an appeal from the determination of the Hearing Commissioner to a Hearing Administrator.

Plaintiffs contend that an administrative agent empowered to try a case may not delegate that power to an appointee and that the issuance of a suspension order by a Hearing Commissioner who had not seen the witnesses nor heard the evidence, denies due process of law.

Plaintiffs rely upon a number of cases [1] for supporting their contention. But it will not be necessary to discuss them all. It will be enough to say that under the circumstances in our case, they do not support plaintiffs' contention.

The case of Morgan v. United States, 298 U.S. 468, at page 481, 56 S.Ct. 906, at page 912, 80 L.Ed. 1288, is cited principally because in that case the court said: "The one who decides must hear." However, in that case the court said: "Evidence may be taken by an examiner. Evidence thus taken may be sifted and analyzed by competent subordinates. * * * The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them."

The case of Southern Garment Mfrs. Ass'n v. Fleming, 74 App.D.C. 228, 122 F.2d

[1] Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288; Morgan v. United States, 304 U.S. 1, 58 S.Ct. 999, 82 L.Ed. 1129; United States v. Nugent, 6 Cir., 100 F.2d 215; Tumey v. State of Ohio, 273 U.S. 510, 47 S.Ct. 437, 71 L.Ed. 749, 50 A.L.R. 1243; Commissioners v. Smith, 233 Ill. 417, 84 N.E. 376, 16 L.R.A.,N.S., 292; Hinkley v. Sagemiller, 191 Wis. 512, 210 N.W. 839; Company A., etc., v. State, 55 N.D. 897, 215 N.W. 476, 54 A.L.R. 948; Clanton v. Ryan, 14 Colo. 419, 24 P. 258; Durden v. People, 192 Ill. 493, 61 N.E. 317, 55 L.R.A. 240; Interstate Commerce Commission v. Louisville R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; National Labor Relations Board v. Jones & Laughlin Steel Corp., 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638.

622, involved the appointment of the presiding officer by the Administrator of the Wage and Hour Division of the Department of Labor under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. We think what was said in that case concerning the appointment of the presiding officer under that Act is applicable here. It was contended that the Administrator's act of appointing a person to preside for him at the hearing was an unlawful delegation of power. The court decided adversely to the contention. We are satisfied with the conclusions reached and will not repeat the reasons there stated. It is true that that Act expressly gave the Administrator power to appoint subordinates, while under the Act involved in our case it is permitted by a regulation. This, however, in our opinion, makes no difference.

The second Morgan case, 304 U. S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129, involved the legality of procedure of administrative agencies. In that case it was held that an order of the Secretary of Agriculture fixing rates to be charged when the Secretary's sole information was derived from private consultation with employees in his own department, was a denial of a fair hearing essential to the validity of an administrative order. No such question is involved in the instant case. Here plaintiffs submitted evidence and were given every opportunity to be heard, and since there is a presumption of regularity which must be accorded the acts of a government official, Inland Steel Co. v. National Labor Relations Board, 7 Cir., 105 F.2d 246, and National Labor Relations Board v. Jasper Chair Co., 7 Cir., 138 F.2d 756, we may not assume that the Hearing Commissioner and the Hearing Administrator had not considered the evidence. National Labor Relations Board v. Baldwin Locomotive Works, 3 Cir., 128 F.2d 39, 48.

To make clearer the applicability of the decisions we have already cited, we call attention to the fact that in their bill of complaint, plaintiffs make no claim that they have not had a full and fair hearing, or that they have been prejudiced by the fact that the hearing was before the presiding officer instead of before the Hearing Commissioner himself, or that the findings are not supported by the evidence, and since the Supreme Court has said that an administrative officer may authorize a subordinate to take evidence and has recognized and approved of the taking of evi-

dence by a person other than the one who decides the matter, we are of the opinion that the hearing in this case satisfies the requirements of due process.

Affirmed.