Henry GRAMS, sole operator, d/b/a
Grams Wrecking & Lumber Co.,
Plaintiff,

v.

CITY OF CUDAHY, Defendant.

No. 61-C-324.

United States District Court
E. D. Wisconsin.

Feb. 24, 1964.

Milton S. Padway, Milwaukee, Wis., for plaintiff.

Robert G. Polasek, Cudahy, Wis., for defendant.

GRUBB, District Judge.

Action to enjoin enforcement of an ordinance of the defendant, a municipal corporation, "including decreeing the ordinance to be void and of no effect."

A pretrial order entered September 5, 1963, severed the issue of damages and the issue of validity of the ordinance from each other and from other issues in this case. A stipulation of facts was filed on the question of the validity of the ordinance, which stipulation the court adopts as its findings of fact on this issue, and that question has now been submitted on briefs and oral Argument.

Plaintiff operates a salvage yard in defendant's city. The Common Council passed an ordinance pertaining to fencing in junk yards. As amended and in force at the time in question, the material portion of the ordinance is as follows:

"7. *Fences.* Each of the premises upon which the business of salvage dealing is to be carried on shall be enclosed by a proper fence or other structure. The type of fence and the manner of construction shall be determined by the Police and License Committee which shall take into consideration the type of existing fences or structures, the location and physical characteristics of the premises, the type of material stored on

386

such premises and all other such factors bearing upon the particular premises. Such enclosure shall be maintained in good condition at all times. No articles shall be piled or stored outside of such enclosure."

Plaintiff contends that the ordinance violates the Fourteenth Amendment by depriving him of property without due process of law because it provides no rule, norm, or standard to govern the Police and License Committee in prescribing the height and type of fence.

The Fourteenth Amendment is subject to state police power. LaPorte v. Bitker, 55 F.Supp. 882, 886 (E.D.Wis. 1944), aff'd, 145 F.2d 445 (7th Cir. 1944). It is subject to the inherent power of the state or municipal governments to make all rules and regulations with respect to the use and enjoyment of property rights necessary in the preservation of public health, morals, comfort, order, and safety. City of Marysville v. Standard Oil Co., 27 F.2d 478 (8th Cir. 1928), aff'd, 279 U.S. 582, 49 S.Ct. 430, 73 L.Ed. 856 (1929). A state, in exercising its police power, must provide some rules, norms, or standards designed to regulate in the public interest. Subject to this limitation, ordinances regulating junk yards have been sustained in Lerner v. City of Delavan, 203 Wis. 32, 233 N.W. 608 (1930), and City of Juneau v. Badger Cooperative Oil Co., 227 Wis. 620, 279 N.W. 666 (1938). One who assails a classification in an ordinance "must carry the burden of showing that it does not rest upon any reasonable basis, but is essentially arbitrary." Evanston Cab Co. v. City of Chicago, 325 F.2d 907, 913 (7th Cir. 1963).

Plaintiff concedes that he is subject to such regulations. Various reasons have been advanced in many cases as to why junk yards are a proper subject for regulation. Commonly cited as reasons are to guard against inflammable material, to prevent dirt and dust, to guarantee that surrounding sidewalks and roads remain clear of obstacles, to keep citizens away from contaminated materials, to keep people out, especially children, and for esthetic purposes.

The issue now under consideration is whether the fencing requirement of the ordinance is unconstitutional because it fails to provide a standard to guide the Police and License Committee in determining what is a proper fence.

The ordinance does in fact provide a standard in this regard. The committee is instructed to make its determination in the light of the locale and the city itself, and to further consider the type of material to be stored on the site. By necessary implication, the ordinance is directed at preserving the esthetic features of any given neighborhood and also to protect health and safety since consideration is to be given to the material to be stored. Plaintiff urges that the ordinance should prescribe a uniform height and material for fences. He assumes that every situation presents the same problem in regard to the various hazards, including fire and safety.

By way of analogy, it should be pointed out that states consistently leave wide discretion to administrative bodies where matters of public health or safety are concerned. Industrial Commissions are allowed to prescribe safety standards on various machines used in industry. Health Departments are permitted to prescribe regulations of various kinds as are Fire Commissions and Departments. A limited discretion within the general framework of the ordinance is permissible. Junk yards, depending on their location, may be a special hazard to children. There are many cases involving children being injured by attractive nuisances.

Fencing requirements for junk yards do not lend themselves to rigid or uniform rules. Each particular yard will differ with respect to location, size of premises, materials to be stored, and in other respects. In exercising its right to regulate, it is natural that the legislative body would reserve to the committee appointed

by it some discretion in making the determination as to what is proper under the circumstances to achieve the purpose of the ordinance.

Here the committee is expressly instructed by the ordinance as to the factors to be considered. The ordinance does contain a guide and standard to govern its application. The committee's discretion is limited to considering the specific factors outlined. The ordinance as it relates to fencing is not unconstitutional.

There remains the question as to whether the ordinance has been applied to the plaintiff in an arbitrary manner so as to deny him equal protection of the laws. This issue will be resolved when the issue comes to trial.

It is therefore held that the ordinance in question is valid.