BRIGGS & FRITH

*v.*

UNION DRAINAGE DISTRICT No. 1.

| 140 | 53 |
| 159 | 202 |

| 140 | 53 |
| 193 | ²233 |
| 193 | ²235 |

*Filed at Ottawa January 18, 1892.*

1. DRAINAGE LAW—*authorizes assessment of damages without a jury.* The Drainage law especially authorizes the assessment of damages and benefits by the drainage commissioners when the county court so orders or directs, and the statute authorizing such assessment without a jury is not in conflict with the constitution.

2. SAME—*funds to improve and maintain ditches.* The right of trial by jury guaranteed by the constitution has no application to a proceeding to assess damages and benefits under the Drainage law; nor is an assessment to raise additional funds to improve and maintain ditches, etc., a taking or damaging of property within the meaning of that clause of the constitution which prohibits the taking or damaging of private property for public use without just compensation.

3. SAME—*raising additional sum—proof admissible on objection to assessment.* Where an additional sum is sought to be raised in a drainage district for the purpose of extending, continuing, deepening and widening ditches by the levy of a second assessment of benefits, a party objecting to the assessment of his land will not be allowed to prove that the ditch does not require any additional work or repairing to drain his land.

4. SAME—*assessment roll—presumed to be correct.* At the meeting of the jury or commissioners for the correction of the assessment roll made by them under the Drainage law, the law will presume that such roll is correct, and unless testimony is introduced by those objecting, tending to prove that the assessment is unjust or inequitable, it will be confirmed without any proof to sustain it.

5. SAME—*appeal from confirmation of assessment—trial de novo.* The trial of an appeal from the confirmation of the assessment is a trial *de novo,* and the introduction of the assessment roll in evidence makes out a *prima facie* case, and the drainage commissioners are not required to resort to other evidence, except such as may be required to meet that introduced by the objectors.

6. SAME—*assessment in excess of benefits.* A party whose land is assessed may show, on application for a judgment of confirmation, that his land is assessed more than its proportionate share of the cost, or that it is assessed more than it will be benefited, but he may not confine his evidence to benefits from a second assessment.

7.  SAME—*second assessment.* A person whose land has been drained by money raised by the first assessment can not defeat a second assessment which is necessary to drain the lands of his neighbors who are in the same district, on the ground, alone, that *his* land does not need any further drainage.

8.  SAME—*using funds outside of district.* The statute authorizes the drainage commissioners to use the moneys of the district raised by special assessments, under the order and direction of the court, in repairing or maintaining ditches within or outside of the district necessary for the protection of the lands and the complete drainage thereof.

APPEAL from the County Court of Iroquois county; the Hon. MOSES H. EUANS, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellants.

Mr. R. W. HILSCHER, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This is an appeal from a judgment of the county court of Iroquois county, confirming an assessment of the drainage commissioners of Union Drainage District No. 1, of Manton and Iroquois townships, in Iroquois county. The district was organized under the act of May 29, 1879, and the lands in the district had been assessed, and $4193.50 collected and expended on the improvement, except the sum of $150. The petition in this case was filed in the county court by the commissioners for the purpose of raising an additional sum of $1500, for "extending, continuing, deepening, straightening and widening ditches, and for additional work," and for an "annual assessment of $150 to keep the ditch in repair." The petition was brought under the provisions of section 63 of the act of June 30, 1885, (3 Starr & Curtis, p. 193,) and it seems to conform to the requirements of that section of the statute. It showed the amount of money that had been collected and expended, and the balance remaining on hand, and the petitioner attached to the petition profiles, plats and estimates of

the additional work found necessary in order to afford proper drainage for the lands of the district. Upon the hearing of the petition the court granted the prayer thereof, and the assessment to raise the amount required was made by the commissioners, as required by the statute. The appellants filed objections before the commissioners, which were overruled, and they appealed to the county court, where a trial was had before the court without a jury, resulting in a confirmation of the assessment, except as to one tract of land outside of this district, where the assessment was set aside.

In the argument of counsel for appellants it is contended that there was no evidence introduced on the trial before the county court to sustain the assessment. The commissioners, to sustain the issue presented for determination by the appeal of appellants, put in evidence the assessment roll, and rested, and the question presented is, whether the evidence introduced was sufficient to make out a *prima facie* case, or did the statute require them to introduce further evidence.

Paragraph 50 of the act under which the trial was had, (3 Starr & Curtis, p. 188,) provides that "the trial shall be conducted as in other cases of appeals from justices of the peace, * * * and in case the assessment of damages or benefits shall be changed from that made by the jury or commissioners, the court shall cause the assessment roll to be amended to conform thereto." Under this section it is apparent that on an appeal of this character a trial *de novo* was intended. It will therefore be necessary to go back and see what the trial was before the commissioners—the tribunal from which the appeal was taken. Paragraph 42 provides for the assessments of benefits, or damages, as the case may be, and the making of an assessment roll. Paragraph 45 provides that when the assessment shall be completed, a time and place shall be fixed for a hearing. Paragraph 46 provides as follows: "The jury shall appear at the time and place appointed, and hear all objections that may be made by the owners of lands which may be

allowed damages or assessed for benefits, or by the commis-
sioners to the allowance of damages to or assessments of bene-
fits against any tract of land, and shall make such corrections
as shall seem to them just, and shall adjust such assessment
so as to make the same just and equitable."

From this section it seems that the jury or the commission-
ers, who have the assessment roll before them, start out on the
hypothesis and with the presumption that the assessment roll
before them is correct, and unless testimony is introduced by
those objecting tending to prove that it is unjust or inequi-
table, it will be confirmed, without any proof being introduced
to sustain it. If we are correct in this, it seems plain that on
the trial, where an appeal has been taken, the assessment roll
makes out a *prima facie* case, and the commissioners are not
required to resort to other evidence, except such as may be
required to meet the evidence introduced by the objectors to
impeach the assessment.

It is next claimed that the commissioners had no power to
make the assessment,—that it could only be made by a jury.
A complete answer to this position is, that the statute in
express terms authorizes an assessment of this character to be
made by the commissioners, as will appear from the reading
of the last part of paragraph 63, (3 Starr & Curtis, p. 193,)
which is as follows : "*Provided*, that when the right of way
of the proposed ditches, drains or other work within any dis-
trict has been released by the owners of the lands over which
the same are located, or when the owners of the lands in such
district about to be assessed agree thereto, or in case the court
so orders, the commissioners of said district may make any
assessment of benefits, or damages and benefits, in lieu of a
jury." Here the court ordered the assessment to be made by
the commissioners of the district, and so far as appears the
assessment was made in strict conformity to the statute, and
unless the statute is in conflict with some provision of the
constitution it must be sustained. No provision of the con-

stitution has been pointed out in the argument which prohibits the legislature from enacting a law authorizing an assessment of this character to be made by commissioners, and we are aware of no such provision. The right of trial by jury guaranteed by the constitution has no bearing on a question of this character. Nor is an assessment like the one involved, a taking or damaging of property, within the meaning of that clause of the constitution which provides that "private property shall not be taken or damaged for public use without just compensation." Such compensation, when not made by the State, shall be ascertained by a jury.

The next question raised in the argument involves the right of the commissioners to raise money by assessment, to be used in part outside of the district, for the benefit of the lands within the district. Paragraph 63 of the statute heretofore cited authorizes the commissioners to use money, under the order and direction of the court, in repairing or maintaining ditches, within or outside of the district, necessary for the protection of the lands, and ample drainage of the same, within such district. The power here conferred is ample, and a discussion of the statute could not make the language used, plainer or better understood. The question, however, is not a new one. It arose in *Hosmer* v. *Drainage District,* 134 Ill. 360, and the statute was sustained.

One other question remains to be considered. C. H. Briggs, one of the appellants, was called as a witness in his own behalf, and the following among other questions were asked: "State whether, in your judgment, the ditch requires any additional work or repairing in order to drain your land." "Will your land be benefited by the additional work proposed by the commissioners?" (This land has paid $971.70 to this drainage district.) "Could the ditch have been constructed and the drainage made to your land, to the present capacity of the ditch, for this sum?" "How would the proposed deepening or widening of this ditch add any benefit to your lands

as they are now drained?"  Objection being made to each of these questions, the objections were sustained, and the ruling is relied upon as error.

Paragraph 44 (3 Starr & Curtis, p. 186,) provides: "In making such assessments the jury shall award and assess the damages and benefits in favor of and against each tract separately, in the proportion in which such tract of land will be damaged or benefited; and in no case shall any tract of land be assessed for benefits in a greater amount than its proportionate share of the estimated cost of the work and expenses of the proceeding, nor in a greater amount than it will be benefited by the proposed work."  Here are two limitations imposed: First, no tract shall be assessed more than its proportionate share of the estimated cost of the work and expense of the proceeding; and second, no tract shall be assessed more than it will be benefited.  By the questions proposed, as will be observed, appellants did not undertake to show that the assessment would fall within either of the limitations of the statute, but they undertook to show that these lands would not be benefited by the work now proposed to be done from funds raised by the second assessment.  Suppose the district was six miles long, and $5000 had been raised by the first assessment.  The improvement was commenced at the outlet, and extended three miles, so as to completely drain all lands in the district so far as the ditch had been extended, and appellants' lands were in that part of the district where the ditch was completed.  The first assessment being exhausted, a second or additional assessment of $5000 was asked to complete the drainage of the district.  In making this second assessment, would the lands along the three miles where the ditch had been completed be exempt, on the ground that such lands were drained by the improvement which had been made by the first assessment?  The answer to this is obvious.  Appellants, although these lands were drained by money raised by the first assessment, could not defeat a second assessment

which was necessary to drain the lands of their neighbors who were in the same district, on the ground, alone, *their* lands did not need any further drainage.

The judgment of the county court will be affirmed.

*Judgment affirmed.*