HARRY G. CHASE, Exr. *et al.*

*v.*

THE CITY OF EVANSTON.

*Opinion filed April 21, 1898.*

SPECIAL ASSESSMENTS—*parties interested in assessment not qualified to act as commissioners.* Where an improvement ordinance provides that the cost of the improvement shall be paid by special assessment upon property benefited to the extent of such benefits and the balance by general taxation, a city officer who receives a percentage on the amount of special assessments as compensation for his services has such an interest as disqualifies him from acting as a commissioner to make the assessment.

APPEAL from the County Court of Cook county; the Hon. H. W. JOHNSON, Judge, presiding.

This is an appeal from a judgment of the county court of Cook county confirming a special assessment upon property of appellants, levied by the city of Evanston for the opening and extension of Dempster street, in said city, from Ridge avenue to Hartrey avenue, for which the property of appellants was assessed $9133.89.

The ordinance for the proposed improvement provides that Dempster street shall be opened and extended from Ridge avenue west to Hartrey avenue, by taking therefor certain specified tracts of land. The improvement is directed to be made and the cost thereof paid for by a special assessment to be levied upon property specially benefited thereby, to the amount that the same may be legally assessed therefor, and the remainder of such cost paid by general taxation, in accordance with article 9 of chapter 24 of the Revised Statutes, and the city attorney is directed to file a petition to condemn, and also to file a supplemental petition, pursuant to the provisions of section 53 of said article 9. A petition to condemn the lands was duly filed and the lands condemned, and judgments for damages in favor of the owners of land duly

entered. On the 10th day of July, 1895, the city of Evanston filed in the county court its supplemental petition, wherein is recited the entering of judgment in said court, adjudging to the owners, respectively, of the lots, tracts and parcels of land mentioned in said judgments, compensation for the taking or damaging thereof, the aggregate amount of said judgments being $27,767; and the lots, tracts and parcels of land mentioned in said judgment are averred in said supplemental petition to be all the lots, tracts or parcels of land to be taken or damaged for said improvement. On the same day an order was entered finding the costs already accrued to be $127.80, the estimated future costs to be $1000, and appointing C. L. Williams, William Stacey and Henry L. Hertz commissioners to make the assessment. Upon the application of the city for the confirmation of the assessment roll made and returned by the said commissioners, the appellant Horace G. Chase, and Samuel B. Chase, since deceased, appeared and objected to the confirmation of the roll. The objections interposed having been overruled, appellants prayed for and obtained an appeal.

JAMES B. KEOGH, and WILLIS E. THORNE, for appellants.

GEORGE S. BAKER, for appellee.

Per CURIAM: Upon the original hearing of this case we reached the conclusion that the record contained no substantial error, and the judgment of the county court was affirmed. Upon a petition for a rehearing upon one point involved in the case a rehearing was granted, and upon a further consideration of the question we have reached a different conclusion.

Upon the application for a rehearing it was contended that the assessment roll herein was void, for the reason that Christopher L. Williams, one of the commissioners by whom the same was made, was an interested party,

and disqualified by his interest from acting as one of the commissioners. It appears that Williams was, at the time of his appointment as commissioner and at the time of the filing of the assessment roll, superintendent of special assessments and the city collector of the city of Evanston. It was his duty, as superintendent of special assessments, to spread special assessments when appointed by the court, and for such service he was to receive one per cent of the amount of money which he might spread. As city collector it was his duty to collect special assessments, and for his services as collector he was to receive as his compensation an additional two per cent upon the amount collected. It appears that the amount required to be raised to pay for the property taken, including the costs of the proceeding, amounted to the sum of $28,894.50. This sum, by the terms of the ordinance, was to be assessed upon private property so far as property could be found which was specially benefited by the improvement. If, however, the commissioners appointed to make the assessment failed to find the benefits to private property sufficient to cover the entire cost of the improvement, the deficit was to be raised by the city of Evanston by general taxation. The commissioners, upon an examination of the property to be assessed, found that the benefits to property to be assessed amounted to the sum of $28,704.56. This amount they assessed upon the property, leaving a balance of $189.94 which could not be raised by special assessment, for the reason that the property had been assessed the full amount benefited. This deficit had to be raised by general taxation. Upon the deficit Williams received no commission, but on the $28,704.56 which was assessed upon the property benefited he was entitled to a commission of one per cent. Under the facts thus disclosed it is contended that the pecuniary interest of Williams, one of the commissioners, was such as to disqualify him from acting as a commissioner in spreading the assessment.

The statute requires the court to appoint three competent persons as commissioners. These commissioners are also required to take an oath that they will a true and impartial assessment make of the cost of the improvement upon the city or village and upon the property benefited by such improvement. Here the pay or compensation of the commissioner, Williams, depended upon the amount of the assessment levied upon private property. The larger the assessment the more compensation he would receive. He had, therefore, a direct interest in increasing the benefits to private property so as to increase his compensation. If he found that private property was benefited to the full amount required to be raised, $28,894.50, he would receive one per cent on that amount; if only benefited half that sum his commission would be decreased one-half. Under such circumstances was he a competent commissioner? Could he act fairly and impartially between the city and the property owner? Clearly, he could not. His interest and his duty were in direct conflict, and he was not such a commissioner as was contemplated by the law. As suggested in the argument, an unscrupulous commissioner might be prompted to over-assess private property or to assess property which had not been benefited at all. In *Shreve* v. *Town of Cicero*, 129 Ill. 226, we held that a person owning property to be assessed for a public improvement was not a competent person to act as commissioner, on the ground that he was interested and his interest disqualified him. The same doctrine was announced in *Hunt* v. *City of Chicago*, 60 Ill. 183. If a person owning property to be assessed could not act as commissioner because he was interested, upon the same principle a person who had a direct interest in increasing the assessment, as was the case with Williams, ought not to be permitted to act as a commissioner.

We are satisfied, after a careful consideration of the case and the argument of counsel, that the objection to

the assessment was well taken, and the court erred in overruling it. For this error the judgment of confirmation as to appellants' property will be reversed and the cause will be remanded.     *Reversed and remanded.*