THE IROQUOIS AND CRESCENT DRAINAGE DISTRICT No. I

*v.*

A. D. HARROUN *et al.*

*Opinion filed October 23, 1906.*

1. DRAINAGE—*when assessment should be confirmed unless the objectors offer testimony.* Upon application by a drainage district for confirmation of an additional special assessment for deepening and widening the principal drain, if the petition, plans, profile and other proceedings are regular on their face the filing of legal objections does not compel the petitioner to introduce testimony on the hearing, and unless the objectors offer testimony the court should confirm the assessment.

2. SAME—*when objection that right of way has not been obtained cannot be urged.* Objectors to the confirmation of an additional special assessment by a drainage district for enlarging and extending the principal ditch cannot urge that the petitioner has failed to show that a right of way for the proposed enlargement and extension had been obtained unless they show that some of the objectors' property was actually taken or damaged.

3. SAME—*the objectors are entitled to have plans and profiles clearly show proposed work.* Upon application for confirmation of an additional assessment for the purpose of enlarging and extending the principal ditch of the petitioning drainage district, land owners in the district objecting to the confirmation are entitled to have the petition, plans and profiles show with definiteness the location of the enlargement and extension of the ditch, so that they can see how it will affect their lands.

4. SAME—*when order dismissing petition for assessment is final.* An order of the county court holding a petition for an additional drainage assessment to be insufficient with respect to its showing the location of the proposed enlargement and extension of the principal ditch, is, in effect, a dismissal of the proceedings, which necessitates the beginning of a new one and is final and appealable.

APPEAL from the County Court of Iroquois county; the Hon. FRANK HARRY, Judge, presiding.

CRANGLE & VENNUM, and ROBERT DOYLE, for appellant.

A. F. GOODYEAR, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from the order of the county court of Iroquois county sustaining the legal objections to the confirmation of a special assessment made by the commissioners of the Iroquois and Crescent Drainage District No. 1, under an act to provide for the construction of drains, ditches and levees for agricultural, sanitary and mining purposes, in force May 29, 1879. After certain preliminary steps had been taken the county court of Iroquois county declared this district organized on June 19, 1884, and appointed three commissioners to lay out and construct the proposed work. At the February term, 1904, of the county court of that county the commissioners of said district filed a petition under section 37 of said act, stating briefly the history of the drainage district from 1884 to 1904; that it was necessary to clean out and enlarge, deepen and widen the drain in said district, and attaching to said petition an itemized statement showing that the district had collected $12,238.37 and expended all of this except $654.76, which last amount was then on hand. Said commissioners also filed as a part of said petition a profile, plans and specifications, with an estimate of the cost of the proposed new work, asking for an additional assessment of $7000, and requested the court to direct them to make the additional assessment on the lands in said district for the purpose of constructing, deepening and widening the principal drain aforesaid. The county court, on the 21st of March, 1904, entered an order finding the material facts of the petition correct, ordering the commissioners not only to deepen and enlarge the principal drain, but to construct an outlet therefor which should extend about a half mile beyond the old outlet. The commissioners thereafter filed an assessment roll assessing benefits against the lands in the district and setting out that there were no damages against the property.

At the time set for hearing in the county court the land owners who are parties to this appeal filed some eighteen objections to the confirmation of said assessment. On the hearing the petitioner introduced the assessment roll and certain files and records, not only in this proceeding, but also in the original proceeding. Several witnesses were also offered by the petitioner for the purpose of showing that the right of way had been obtained for the original main drain. The objectors insisted that the oral testimony was not competent. Objection as to some of the testimony was sustained and as to some no ruling was made.

It is evident from the briefs of counsel, as well as from the record, that the main point considered and heard by the trial court is set up in objection 18, which reads: "The said drainage district has no right of way over the lands of objectors, or any tract thereof, for the construction of the proposed work, and no appropriation has been made to pay for the same nor has any damages been assessed on account of the taking of objectors' lands."

Counsel for appellees insist that the order entered by the trial court sustaining all legal objections is not final, and therefore not such an order as can be appealed from. Our ruling on this question can perhaps be better understood after discussion of some of the other questions in the case.

Counsel for appellant argues that the sustaining of the legal objections necessarily holds that the proceedings establishing the original drainage districts were invalid. We think he is mistaken in this conclusion. There is nothing in the record to indicate that the original proceedings are invalid. If the petition, plans, profile and specifications filed by the petitioner asking for this last assessment were sufficient to authorize the levying and collecting of an additional assessment under section 37 of said act, then the filing of objections did not compel the appellant herein to introduce testimony on the hearing before the trial court. If the proceedings were regular on their face, it would be the duty of

the trial court, when such objections came up for hearing, to confirm the assessment unless the objectors offered testimony. *Briggs & Frith* v. *Union Drainage District,* 140 Ill. 53; *Lovell* v. *Sny Island Levee Drainage District,* 159 id. 188; *Trigger* v. *Drainage District,* 193 id. 230.

Counsel for appellees contends that there is nothing showing that the right of way was obtained for constructing the drains, and if the right of way has not been obtained there can be no legal confirmation of the assessment. There is nothing before this court to indicate that a right of way for the proposed enlargement of the old ditch and its extension has been obtained; but the objectors should not be heard on this objection unless they showed on the trial that some of said objectors' property was actually taken or damaged. They could not be heard to object for property in which they were not in any way interested.

While no specific objections were filed as to the question of definiteness in the plans, specifications and profile, counsel assumed that this question could be raised and urged under objection 18, heretofore quoted, and the case was tried in the court below on this assumption. It is therefore entirely fair for this court to assume that this point was properly raised by the objections filed. When, under objection 18, it was urged by objectors, on the hearing, that sufficient right of way had not been obtained, counsel did not insist that the proceedings were *prima facie* sufficient to justify confirmation, but practically admitted that they were not by introducing certain files and records in the original proceedings, and also in attempting to show by oral testimony that right of way had been obtained at the time the old ditch was located, sufficient in amount upon which to construct the proposed work. The old records introduced state that profiles and plat were made showing the exact location of the original drains, but these profiles and plat were not offered in evidence on this hearing. The only attempt to locate the proposed work was by three exhibits, A, B and C, made a

part of the last petition filed herein.. Exhibit A is a plat of
the drain, Exhibit B is a profile, and Exhibit C is a record
of the survey purporting to explain the plat and profile and
give further details as to the work. The surveyor who made
the originals of these three exhibits states (Exhibit C) that
the ditch is indicated on the plat (Exhibit A) by a broken
red line. From an examination of Exhibit A it appears that
the ditch is not indicated by a broken line, but by two con-
tinuous wavering lines. If any of the land of these objectors
which was not taken in the old proceedings for the old ditch
was actually to be taken or damaged for deepening and
widening said old ditch, said objectors were entitled to have
the petitioner's plans, profile and specifications show the ac-
tual condition of the old ditch and the new land to be taken.
It appears that the old ditch is to have its outlet extended
some 2300 feet. It must be assumed from this record that
land not obtained at the time the old ditch was constructed
must be taken for this outlet. The petition, with the annexed
exhibits, does not fix with sufficient definiteness the location
of the extension of this outlet, so that the objectors or other
owners can tell with certainty just how and where it crosses
their lands, and no scale is given on the plat and no courses
and distances are furnished. Even one unskilled in such
work can readily see that it cannot be ascertained within
many feet as to where this outlet would actually be located.
Neither is there anything shown on this record to indicate
plainly whether any additional land would be required to be
taken for deepening and widening the old ditch. Outside
of the little village of Crescent City, Exhibit A lays off the
ground across which the proposed ditch is to run in forty-
acre tracts. This seems to be the only definite measurement
on the entire plat. The property owners are entitled to more
certainty than this. The *prima facie* case of the petitioner
was not so definite that the property owners along the line
of the proposed work could tell whether or not it would take
or damage land in which they were interested. The intro-

duction of the files and records in the original proceedings, together with the oral testimony, even if it is all admissible, did not materially assist on these points.

An order is a final and appealable one in proceedings of this kind which defeats the entire proceedings, making it . necessary to start the proceedings over again. The plans, profiles and specifications are a part of the original petition in this hearing. The sustaining of the objections holding the petition indefinite and insufficient was, in effect, dismissing the petition.

The judgment of the county court will be affirmed.

*Judgment affirmed.*