THE VANDALIA LEVEE AND DRAINAGE DISTRICT, Defendant in Error, *vs.* MOSES HUTCHINS *et al.* Plaintiffs in Error.

*Opinion filed April 23, 1908.*

1. DRAINAGE—*land owners in district are incompetent to make the assessment.* Owners of lands in a drainage district organized under the Levee act which are subject to assessment for the improvement are incompetent to make the assessment. (*Drainage District* v. *Smith,* 233 Ill. 417, followed; *Scott* v. *People,* 120 id. 129, and *People* v. *Cooper,* 139 id. 461, distinguished.)

2. SAME—*assessment cannot be levied to meet a past indebtedness.* Commissioners of a drainage district cannot create, in advance, an indebtedness for completing the improvement and then levy an assessment to meet it; nor can they divert a portion of the original assessment to paying incidental expenses of the district in excess of the amount estimated and levied for such expenses and thereafter include the excess in the second assessment.

3. SAME—*a second assessment is levied for future obligations, only.* A second special assessment by a drainage district to complete the improvement can be levied only for the purpose of raising money to pay future obligations, except as to the incidental expenses necessary for the preliminary work of levying and spreading the second assessment.

FARMER, J., specially concurring.

WRIT OF ERROR to the County Court of Fayette county; the Hon. JOHN S. STONECIPHER, Judge, presiding.

The defendant in error is a drainage district organized under the Levee act of 1879, (Hurd's Stat. 1905, p. 775,) and has been a going district since September, 1903. The original estimate of the cost of the improvement was $95,-195, for which an assessment was returned amounting to $95,173.14, and of this amount $88,830.69 was confirmed by the court. Certain assessments have been reduced by the court and certain of the original assessments are still in litigation. The record shows that $86,975.69 has been actually realized from the first assessment. Contracts were let for the construction work, and the last named sum of money

has already been expended but some parts of the work are not yet completed. The dredging contract contains a provision that twenty per cent of the contract price is to be retained by the drainage district as a guaranty until the completion of the work. This money, to the amount of about $3700, has not been paid the contractors as the work is not yet completed, but the total amount collected has already been spent for other purposes. In addition to expending this amount the commissioners have issued orders amounting to $4500, outstanding and unpaid, and have contracted indebtedness for $1835 for which no orders have been issued, making the total indebtedness over and above the amount collected some $10,035.

March 6, 1907, the drainage commissioners filed a petition asking for an additional assessment of $35,000, stating that they needed $14,980 to complete the work,—$4850 for incidental costs yet to accrue, and, in round figures, $14,000 to pay indebtedness already accrued; that is, they showed they needed for past indebtedness and for future obligations substantially $34,000. The county court, after objections had been filed, allowed an assessment in the sum of $25,000 and directed that it be spread by the commissioners, which was accordingly done. Plaintiffs in error filed objections to the confirmation of the commissioners' report, claiming that the commissioners were incompetent to spread the assessment, being land owners in the district; that more money was assessed than required to complete the improvement, and that the assessment was for payment of indebtedness already incurred. The objections were overruled and the assessment confirmed, exceptions being duly preserved to this order. The case was brought to this court on writ of error for review.

BROWN & BURNSIDE, for plaintiffs in error.

ALBERT & MATHENY, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The three drainage commissioners own, respectively, 900, 600 and 120 acres of land in the district, all of which, as we understand the record, was assessed both in the original and second assessments. Under a recent decision of this court these commissioners, being land owners in the district whose lands were subject to assessment, were incompetent to make such assessment. (*Drainage District* v. *Smith,* 233 Ill. 417.) The reasoning of the following authorities tends to support the conclusion reached in that case: *Chase* v. *City of Evanston,* 172 Ill. 403; *Murr* v. *City of Naperville,* 210 id. 371; *Betts* v. *City of Naperville,* 214 id. 380; Cooley's Const. Lim.—7th ed.—pp. 592, 593; 1 Coke upon Littleton,—Butler & Hargraves' notes—sec. 212.

Counsel for defendant in error cite and rely upon *Scott* v. *People,* 120 Ill. 129, and *People* v. *Cooper,* 139 id. 461. In both of these last mentioned cases the Farm Drainage act of 1885 (Hurd's Stat. 1905, p. 799,) was under consideration, and not the Levee act. In both of these cases the question under consideration was whether the commissioners were competent to make the classification of lands when they were annexed to the district under section 42 of this act. If the finding of the commissioners on the classification was not satisfactory, an appeal under the Farm Drainage act could have been taken to the county court, where the classification would have been passed upon by a jury. It has been held that while the law secures a trial by jury upon an appeal it is no violation of a constitutional provision securing that right, though such law may provide for a trial in the first instance without the intervention of a jury, for the party, if he thinks proper, may have the case tried by a jury before it is finally settled. (*Stewart* v. *Mayor,* 7 Md. 500.) The same line of reasoning would justify the holding of commissioners who are land owners competent to make the classification under the Farm Drainage act. In this case, as the law stood at the time this assessment

234—3

was made under the Levee act, the decision of the commissioners on the hearing of objections as to the amount of an assessment was final.

As the case must be reversed and remanded for the reasons already stated, it is unnecessary to consider at length the other points raised. A brief mention of certain points, however, may be advisable as a guide to further proceedings.

This court has held that drainage commissioners have no power to create, in advance, an indebtedness for completing an improvement and then levy an assessment to meet it. *Winkelmann* v. *Moredock and Ivy Landing Drainage District,* 170 Ill. 37; *Ahrens* v. *Minnie Creek Drainage District,* id. 262; see, also, on this point, *Fountain Head Drainage District* v. *Wright,* 228 Ill. 208, and *Drainage Comrs.* v. *Kinney,* 233 id. 67.

Defendant in error argues that if some portion of the money raised in the original assessment for construction should be diverted and used to pay incidental expenses of the district, such as fees and charges of attorneys, engineers, surveyors, clerks and printers, such diversion would not affect the right of the commissioners to make valid contracts for construction to the full amount of the original assessment. With this contention we cannot agree. A fair construction of this act requires that in its practical enforcement such incidental expenses as attorneys', engineers', surveyors' and commissioners' fees must be incurred in the necessary preliminary work before the assessment is spread or levied, but must be included in the original estimate and paid out of the original assessment. The estimate for such incidental expenses in these original proceedings was fixed at $3500. As we understand the record, such incidental expenses incurred in conducting and carrying on the work under the original assessment amount to several thousand dollars more than the $3500 originally estimated.

It is also argued by defendant in error that the twenty per cent kept back under the original contract for digging

the ditch having been expended by the district for other purposes can be collected in this assessment. By this second assessment money can be raised only for the payment of future obligations and none can be assessed or raised for the purpose of paying obligations already incurred, except the incidental expenses necessary for the preliminary work in preparing, spreading and levying the additional or second assessment.

For the reasons stated the judgment of the county court must be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*

Mr. JUSTICE FARMER, specially concurring:

I was not in accord with the decision of the court in *Drainage District* v. *Smith,* but it must now be accepted as the settled law that in drainage districts organized under the Levee act commissioners who own land in the district are not competent to spread the assessment. In this case the drainage district was organized under that act, and I do not agree with what is said in the opinion of the court upon the competency of commissioners of a drainage district organized under the Farm Drainage act who own land in the district to spread the assessment, if that is what is meant by the language used in the opinion. In the first place, that question was neither directly nor remotely involved in this case. In the second place, I am unable to see why commissioners owning land in the district can be incompetent to spread the assessment in one case and competent in the other. The fact that under the Farm Drainage act provision is made for hearing objections to the assessment reviewed by some other body or tribunal than the commissioners who made it, cannot, in my judgment, remove the disqualification that attaches because of being a land owner in the district. It was the ownership of lands in the district that was held in the *Smith case* to disqualify

a commissioner from making the assessment, and not that the law required objections to the assessment to be heard by the commissioners. It appears to me there can be no valid distinction upon this question between commissioners in districts organized under the Levee act and commissioners in districts organized under the Farm Drainage act.