THE COMMISSIONERS OF CLAUSSEN PARK DRAINAGE AND LEVEE DISTRICT OF KANKAKEE COUNTY, Plaintiffs in Error, *vs.* THOMAS DAILY *et al.* Defendants in Error.

*Opinion filed April 23, 1909.*

1. APPEALS AND ERRORS—*when order in a drainage case is not final.* An order of the county court in a drainage assessment proceeding sustaining a challenge to the array and ordering the assessment roll returned by the jury to be set aside and held for naught is not a final, appealable order.

2. DRAINAGE—*when order relating to spreading of levee drainage assessment is improper.* An order of the county court directing a levee drainage assessment to be spread by the commissioners but that a jury shall spread the assessment on lands of such owners as may object to the competency of the commissioners is improper, and when such objection is made and sustained the court can make no further order, under the original petition, for the assessment of the land of the objectors.

WRIT OF ERROR to the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. G. BROOKS, for plaintiffs in error.

SMALL & BROCK, SMITH & MARCOTTE, and SAVARY & RUEL, for defendants in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Claussen Park Drainage and Levee District was organized in the county court of Kankakee county in October, 1906, under what is commonly known as the Levee act. An assessment of $16,600 was levied on all the lands in the district, and when this sum was found inadequate to finish the work a petition was filed in the county court for a second or additional assessment, and on a hearing, after giving the notice required by law, the court, on July 6, 1908, ordered that the sum of $10,090.37 be allowed and should be spread by the commissioners on the lands of the

district.  The order further continued, that "a jury is hereby ordered to spread the assessment on the lands of such land owners who might object to the competency of the commissioners or on any other grounds, and to hear the objections to their return of said assessment."  The commissioners proceeded to spread this assessment, as benefits, against the owners of lands of the district, and on the coming in of their assessment roll the defendants in error filed objections to the confirmation of the assessment, urging, among other grounds, the incompetency of the commissioners, on account of being land owners in the district, to spread the assessment.  Plaintiffs in error confessed the objection as to the incompetency of the commissioners, and an order was thereupon entered by the county court quashing the roll as to said defendants in error and confirming it as to all other property owners in the district.  By the same order it was provided, apparently based on said order of July 6, that a jury be empaneled to spread the assessment on the lands of the defendants in error.  A jury was thereupon summoned, and reported to the court that they had spread an assessment on the property of defendants in error in proportion to what each tract should pay towards making up the amount of said $10,090.37 and in accordance with the benefits to each tract.  The defendants in error filed, among other objections, a challenge to the array.  After hearing the arguments, the court, on September 2, 1908, sustained said challenge and ordered that the assessment roll as returned by the jury be set aside and held for naught.  From this order an appeal was prayed and allowed, bill of exceptions to be presented within thirty days.  We find no bill of exceptions in the record, and the appeal was not perfected but a writ of error was sued out.

The provision of the order of July 6, 1908, that in case any property owners objected to the commissioners spreading the assessment a jury should spread it on the lands of such owner, was not authorized by law, hence the court

ruled properly in sustaining the challenge to the array. When the court sustained the objections of the defendants in error to the first assessment roll it could make no further order, under the original petition in this proceeding, for the assessment of said lands of said objectors. The only assignments of error in this proceeding refer to the order of the court sustaining the challenge to the array. That order was interlocutory and not final. An order is a final and appealable one, in proceedings of this kind, when it defeats the proceedings and requires that they be started over again. *Iroquois and Crescent Drainage District* v. *Harroun*, 222 Ill. 489; *Union Drainage District* v. *Milligan*, 227 id. 303.

The writ must therefore be dismissed.

*Writ dismissed.*