The Vandalia Levee and Drainage District, Appellee,
*vs.* Moses Hutchins *et al.* Appellants.

*Opinion filed December 21, 1911.*

1. Drainage—*Levee act in force when cause is remanded controls further proceedings.* The Levee act, as amended in 1909, requiring all assessments of benefits or damages to be by a jury, must control proceedings had after such act is in force, against property of objectors who succeeded in obtaining a reversal of the confirmation judgment entered before such act took effect, notwithstanding a portion of the same assessment against other property was made by commissioners.

2. Same—*the court may proceed under original petition though judgment of confirmation is reversed.* The fact that the objections of certain property owners to a drainage assessment are sustained by the Supreme Court, which reverses the judgment of confirmation and remands the cause, with directions to spread the assessment under the law as then existing, does not deprive the trial court of jurisdiction to proceed further under the original petition for the assessment. (*Claussen Park Drainage District* v. *Daily,* 239 Ill. 428, and *Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 id. 260, explained.)

3. Same—*appeal or writ of error as to one piece of property does not invalidate proceedings as to other lands.* Under the Levee act an appeal or writ of error as to one or more pieces of land against which a drainage assessment has been confirmed does not impair or invalidate the organization of the district, or any of its proceedings, as to the other lands.

Appeal from the County Court of Fayette county; the Hon. Barney Overbeck, Judge, presiding.

Brown & Burnside, for appellants.

Albert & Matheny, for appellee.

Mr. Chief Justice Carter delivered the opinion of the court:

The appellee drainage district was organized under the Levee act in September, 1903. A special assessment was thereafter spread and in large part collected. On March 6,

1907, on petition of the commissioners an additional assessment of $25,000 was spread by them, over appellants' objections. On an appeal to this court (*Vandalia Drainage District* v. *Hutchins,* 234 Ill. 31,) we held that part of the assessment was improper, as it was for indebtedness contracted prior to the filing of the petition and because the commissioners were incompetent to spread the assessment. The judgment was reversed and the cause remanded for further proceedings not inconsistent with the opinion. After the remanding order had been filed, by leave of the county court, on July 21, 1908, the original petition was amended as to appellants only, so as to ask for $21,050 instead of $25,000. Pending the confirmation of this assessment a third assessment was filed, and the confirmation of the two assessments was heard by the same jury, over objections of appellants. On appeal to this court (*Vandalia Drainage District* v. *Vandalia Railroad Co.* 247 Ill. 114,) the judgment was again reversed and the cause remanded, with directions to spread the assessment here in question against the lands of appellants in accordance with the provisions of the Levee act as amended May 29, 1909. After this remanding order was filed in the county court, on February 6, 1911, an order was entered setting aside the former judgment of confirmation of this assessment. After various orders had been entered over the objection of appellants, a jury was summoned in accordance with the provisions of section 17a of the Levee act, as amended in 1909, to spread the assessment and after a hearing returned their verdict therein. The county court thereupon entered a judgment confirming the assessment in accordance with said verdict. From that judgment this appeal was prayed.

Of the many objections urged in the trial court only two are relied on here: First, that the trial court was without jurisdiction to order an assessment spread by a jury after previously confirming a portion of the same assessment on other property made by three commissioners; and second,

that the court was without jurisdiction to proceed further under the original petition after the objections of appellants had been sustained to this second assessment as originally entered. It is strenuously insisted that both of these objections must be sustained under the reasoning of this court in *Claussen Park Drainage District* v. *Daily,* 239 Ill. 428, and *Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co.* 249 id. 260. In the first named case the principal point, and the only one necessary to be decided, was that the order appealed from was interlocutory and not final. While a part of the discussion in that opinion, in construing the Levee act as it then stood, gives some basis for appellants' contention, it can have no application to the law as amended in 1909. As that act now reads, especially sections 16, 17, 17*a,* 17*b* and 37, it was clearly the intention of the legislature that the objections as to each piece of property could be tried separately, and that an appeal or writ of error as to one piece or one person should not impair or invalidate the organization of the district, or any of its proceedings, as to the lands of other persons. The Levee act now provides that all hearings of this kind in the trial court, for the purpose of making an assessment of benefits or damages, shall be before a jury and not the commissioners, the act before amendment providing that it could be either way. That part of the opinion in *Spring Creek Drainage District* v. *Elgin, Joliet and Eastern Railway Co. supra,* relied upon by the appellants (page 283) was with reference to the law as it stood before the amendment of 1909, as construed in *Claussen Park Drainage District* v. *Daily, supra,* and has no application to the law as it now reads. Manifestly, the present law, which was in force the last time this judgment was reversed and the cause remanded, must control as to all further proceedings. If this assessment could not be spread under that law for the reasons urged by appellants here, no additional assessment could ever be spread against appellants' lands,

and they would thus escape paying their due proportion of the cost of the work, all other lands in the district having paid. The Levee act cannot be so construed.

The judgment of the county court must be affirmed.

*Judgment affirmed.*