## Harmon Drainage District No. 2 of Lee County, Illinois, Appellant, v. Lynn P. Parker, Appellee.

## Gen. No. 6,292.

1. DRAINAGE, § 39*—*when interest of commissioner does not disqualify.* The fact that a commissioner of a district, organized under the Farm Drainage Act (J. & A. ¶ 4475 *et seq.*), was the owner of part of the land to be benefited by an improvement in favor of which he cast the deciding vote, *held* not to make the resolution authorizing such improvement void.

2. DRAINAGE, § 72*—*when organization of subdistrict unnecessary.* Where lands within a district organized under the Farm Drainage Act (J. & A. ¶ 4475 *et seq.*) have not been benefited as contemplated at the time of the organization of the district, it is the duty of the commissioners to so improve the system that such lands will be benefited as originally intended, the expense thereof to be paid from the general fund of the district; and the organization of a subdistrict is not necessary.

Appeal from the County Court of Lee county; the Hon. JOHN B. CRABTREE, Judge, presiding. Heard in this court at the April term, 1916. Affirmed. Opinion filed August 10, 1916.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.
        Vol. CC 37

578        APPELLATE COURTS OF ILLINOIS.

Harmon Drainage District No. 2 v. Parker, 200 Ill. App. 577.

CLYDE SMITH, for appellant.

MARK C. KELLER and H. A. BROOKS, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On October 17, 1911, at a meeting of the Drainage Commissioners of Harmon Drainage District No. 2 in Lee county, a resolution was passed reciting that certain lands in said district described in the resolution were not benefited in proportion to their classification and required additional drainage, and ordering a tile to be laid through certain lands. The motion was adopted, two of the three commissioners voting for and one against the proposition. Lynn P. Parker was one of the commissioners and one of the owners of the land to be benefited by said tile and he voted for the proposition, and without his vote it would not have been adopted. Thereafter the work was done, and the drainage district paid therefor $78.29. On December 22, 1914, said district brought suit before a justice of the peace to recover said expenditure from Lynn P. Parker. The justice gave judgment against the district and it appealed to the County Court of Lee county, where the case was tried without a jury and judgment was rendered against the district. It prosecutes this further appeal.

It is contended that by reason of interest Parker was disqualified to vote for said resolution, and it therefore was not adopted. In support of this position reliance is had upon *Chase v. City of Evanston,* 172 Ill. 403; *Murr v. City of Naperville,* 210 Ill. 371; and *Vandalia Levee & Drainage Dist. v. Hutchins,* 234 Ill. 31. We are of opinion that this principle does not apply to drainage districts organized under the Farm Drainage Law (J. & A. ¶ 4475 *et seq.*). In *Scott v. People,* 120 Ill. 129, speaking upon this subject, the court said:

"It is next urged, that to permit the commissioners to pass upon the question of enlargement of the district would be to have it determined by an interested tribunal. To a limited extent this is true, but it does not therefore follow that the decision of the question, when made, would not be binding. In matters of mere local concern, which are of a public or *quasi* public character, this, in many cases, cannot be avoided without great inconvenience. It is every day's experience for property owners in small villages to sit as jurors in corporation cases for the recovery of penalties under ordinances, and yet we presume there are few who would now question their right to do so, on the ground of interest. So township and county officers are constantly in the habit of making up and auditing their own accounts for services to the public, and no one, we presume, questions the validity of these official acts on that ground. They are, in most cases, largely ministerial, and the interest is so small and insignificant that the law does not regard it. To hold this objection good would strike at the very foundation of the whole drainage system." In *People v. Cooper*, 139 Ill. 461, it was contended that certain proceedings taken by the commissioners of a farm drainage district were void because the commissioners were interested. The court there said: "It is not the rule, however, so far as we are aware, that interest as a landowner or taxpayer in a municipal or *quasi* municipal corporation disqualifies a person for holding an office in such municipality, or for performing any duty incident to such office, although his own personal or pecuniary interest may to some extent be affected by his action. And this must be especially true in case of drainage districts which are organized for the promotion of the private interests of the landowners within such districts. Nor are we aware that preconceived opinions or preferences of persons elected to such offices have ever been held to be a legal disqualification. On the contrary, municipal as

580     Appellate Courts of Illinois.

Harmon Drainage District No. 2 v. Parker, 200 Ill. App. 577.

well as other executive and ministerial officers are not unfrequently elected because of their avowed opin-- ions or preferences in relation to public measures which are likely to come before them for their official action. And the question is not materially affected by the fact that the ministerial or executive duties which he may be called upon to perform may involve more or less of *quasi* judicial action, or of discretion akin to what may properly be called judicial. Doubtless such officer may, as a matter of prudence or delicacy, de- cline to act in a matter in which he feels a personal in- terest, where his official duty may be as well performed by another, but if he chooses to perform the duty him- self, it cannot be said that he acts without jurisdiction, or that his act is *ultra vires* and therefore void.'' *Van- dalia Levee & Drainage Dist. v. Hutchins,* 234 Ill. 31, was under the Levee Act, and a distinction is there drawn between that act and the Farm Drainage Act; and *Scott v. People, supra,* and *People v. Cooper, supra,* were there referred to without disapproval. We therefore conclude that this action was not void because of the fact that Commissioner Parker owned a part of the land which was to be benefited by this action.

It is contended by appellant that if this work needed to be done, the funds of the district then in hand could not be used for that purpose, but that a subdistrict should have been organized, including the lands to be benefited by this particular drain, and they should have been assessed therefor. Section 17 of the Farm Drainage Act (J. & A. ¶ 4493) requires the commis- sioners to determine upon a system of drainage which shall provide main outlets of ample capacity for the waters of the district, having in view the future con- tingencies as well as the present. Section 41 (J. & A. ¶ 4518) provides that if the commissioners shall there- after find that by reason of error in locating or con- structing the ditches, or any of them, or from any other

causes the lands of the district are not drained or protected as contemplated, or some of them receive partial or no benefit, they shall use the corporate funds of the district to carry out the original purpose, to the end that all the lands, so far as practicable, shall receive their proper and equal benefits as contemplated when the lands were classified; and that if sufficient funds are not on hand for this purpose, the commissioners shall make a new tax levy, showing that it was contemplated that if there were funds on hand, they should be used for that purpose. In *Peotone & M. Union Drain. Dist. v. Adams,* 61 Ill. App. 435, and 163 Ill. 428, these sections of the statute were construed and the duty of the commissioners to give such relief in a proper case was announced and enforced, and to the same effect is *Langan v. Milk's Grove Spec. Drain. Dist.,* 239 Ill. 430, which plainly indicates that the funds on hand are to be used to do the required work. This ditch was made to run from the lands and through the lands of W. D. Parker and Lynn P. Parker and Fred Geyer. Geyer's lands were the nearest to the drains of the district and were slightly higher than the lands of W. D. Parker and Lynn P. Parker back of the Geyer lands, and because of the slight elevation of the Geyer land, water in times of heavy rains stood upon the Parker lands to their great detriment. When this drainage district was established and the classification of the lands was made, the land now owned by Lynn P. Parker was then owned by his father, Boardman Parker. The proof, as we understand it, shows from appellant's witnesses, as well as from appellee's, that these lands were classified to give an outlet to carry off this water from the lands back of the Geyer land, but when they came to put in this improvement Boardman Parker said he did not want this outlet put in, and so it was left out, and this land did not receive the drainage which was contemplated when it was classified. After the title thereof passed to Lynn P. Parker he desired the drainage

which had been intended when the lands were classified. Under the authorities above cited we are of opinion that as the lands were classified to give an outlet for this water from these lands, it became the duty of the commissioners to furnish such outlet, and they were required to use the funds of the district to establish the outlet if they had funds for that purpose. See also, *French v. Bates,* 185 Ill. App. 38. It was not necessary that the commissioners should establish a subdistrict for this purpose. *People v. Sullivan,* 238 Ill. 386. As these lands were classified to have this outlet given them, they were also assessed for this outlet, and the money had been paid by the owners of these lands which was intended to be used for the making of this outlet.

As we hold that the resolution was lawfully adopted, and the money lawfully expended in performing the duty which the drainage district owed to these lands, it is unnecessary to consider the further question whether if this expenditure had been wrongfully made the money could be recovered in an action of assumpsit, and whether Lynn P. Parker would be liable for the whole amount, part of which was spent for the benefit of the lands of W. D. Parker. The judgment is affirmed.

*Affirmed.*